DEBORA K. KRISTENSEN [ISB # 5337]
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, ID 83701-2720
Telephone:  (208) 388-1200
Facsimile:  (208) 388-1300
Email:  dkk@givenspursley.com
14187458_2.docx [5624-8]

Attorneys for Idaho Statesman Publishing, LLC

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VINCENT D. GEWALT, an individual<br><br>                    Plaintiff,<br><br>vs.<br><br>IDAHO STATESMAN PUBLISHING,<br>LLC, a Delaware limited liability company,<br><br>                    Defendant. | Case No. _____<br><br>Ada County District Court Case No.:<br>CV01-18-07030<br><br>**NOTICE OF REMOVAL OF ACTION<br>UNDER 28 U.S.C.. § 1441(a) AND 1441(b)<br>(FEDERAL QUESTION AND<br>DIVERSITY OF CITIZENSHIP)** |

PLEASE TAKE NOTICE that Defendant Idaho Statesman Publishing, LLC ("Defendant" or "Idaho Statesman"), removes this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1441(b).

### COMPLAINT AND TIMELINESS OF REMOVAL

1.     On April 16, 2018, Plaintiff Vincent D. Gewalt ("Plaintiff") filed a complaint in the Fourth Judicial District of the State of Idaho, in and for the County of Ada, titled *Vincent D. Gewalt v. Idaho Statesman Publishing, LLC*, CV01-18-07030.

2.     Defendant was served with the Complaint on April 19, 2018.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §. § 1441(a) AND 1441(b) - 1**

3.      A true and correct copy of the register of actions for the state court file for this action is attached as **Exhibit A** in accordance with Local Rule 81.1.

4.      A true and correct copy of the Complaint filed with the state court on April 16, 2018, is attached as **Exhibit B**.

5.      A true and correct copy of the Summons, issued by the state court on April 16, 2018, is attached as **Exhibit C**.

6.      A true and correct copy of the Acceptance of Service, dated April 19, 2018, is attached as **Exhibit D**.

## ORIGINAL JURISDICTION EXISTS

7.      Removal is proper based on this Court having original jurisdiction of this action under 28 U.S.C. §1441(a), (federal question jurisdiction) in that this is a civil action wherein the district court of the United States has original jurisdiction.

8.      Plaintiff alleges a single cause of action under the Family and Medical Leave Act. *See* **Exhibit B** at ¶ 4.  As such, removal is proper because this Court has original jurisdiction of this action.

## DIVERSITY JURISDICTION EXISTS

9.      Further, this action is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1332 and 1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists.

10.      Plaintiff alleges that he is an individual who resided in Idaho at all times pertinent to the instant litigation.  *See* **Exhibit B** at ¶ 1.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §. § 1441(a) AND 1441(b) - 2**

11.     Idaho Statesman was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its corporate headquarters in Sacramento, California. *See* **Declaration of Juan Cornejo** ("**Cornejo Decl.**") at ¶¶ 7-8. The Idaho Statesman's corporate headquarters is located at 2100 Q Street, Sacramento, California. *See id.* All of the Idaho Statesman's Board of Directors reside in Sacramento, California. *See id.* Additionally, all of the Idaho Statesman's corporate officers reside in Sacramento, California, where they direct, control, and coordinate the Idaho Statesman's activities. *See id.*

12.     The sole LLC Member of the Idaho Statesman is Pacific Northwest Publishing Company, Inc., which is incorporated under and by virtue of the laws of the State of Florida. The Pacific Northwest Publishing Company, Inc.'s principal place of business is located in Sacramento, California. (*See* Cornejo Decl. at ¶ 9).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13.     Plaintiff's Complaint asserts the following cause of action: violation of the Family and Medical Leave Act ("FMLA").

14.     Based on Plaintiff's allegations, the amount in controversy appears to easily exceed the sum or value of $75,000.00, exclusive of interest and costs.  Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000.00.  *See Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404; *Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F.3d 295, 298.

15.     While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case well exceeds $75,000.00, exclusive of interest and costs.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §. § 1441(a) AND 1441(b) - 3**

16.     Plaintiff was paid an annual salary of $36,000.00 at the time of his termination. *See* **Cornjeo Decl.** at ¶ 10. When including other forms of compensation, Plaintiff earned $63,451.84 in 2016, his last full year of employment.  *See id.*

17.     Although Plaintiff does not quantify his potential damages, under Plaintiff's cause of action for violation of the FMLA, he can potentially recover lost income based on a violation of this law.  In this cause of action, Plaintiff's Complaint contains the following allegation: "[a]s a direct, foreseeable and proximate result of ISP's unlawful conduct, Plaintiff has suffered damages in an amount to be proved at trial." *See* **Exhibit B** at ¶

18.     The U.S. District Courts-Median Time Intervals From Filing to Disposition of Civil Cases Table C-5 indicates that as of December 31, 2014, it took a median of 23.4 months from the filing of a case to the completion of trial.  *See* **Exhibit E**.[1]  Accordingly, if Plaintiff is unable to find alternative work, he can potentially recover 23.4 months of his annual salary, which would be approximately $70,200.00 (($36,000 ÷ 12) x 23.4).  If using Plaintiff's entire earnings from 2016, the recovery would be $123,731.09 (($63,451.84 ÷ 12) x 23.4).

## NO OTHER DEFENDANTS

19.     There are no other Defendants that have been named or served in this action, thus there are no other Defendants to join in this Notice of Removal.

## SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT

20.     Concurrent with filing this Notice of Removal, Defendant will file written notice of this filing with the Clerk of the Court in Ada County, Idaho and will deliver a copy to Plaintiff.

---

[1] The C-5 data tables between 2015 and present day do not indicate a timeframe for the U.S. District Court for the District of Idaho.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §. § 1441(a) AND 1441(b) - 4**

DATED this 10th day of May, 2018.

GIVENS PURSLEY LLP

By:   */s/ Debora K. Kristensen*
       Debora K Kristensen, of the Firm
       **Attorneys for Idaho Statesman Publishing,**
       **LLC**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of May, 2018, the foregoing was electronically

filed through the CM/ECF system, which caused the following counsel to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing:

Jeff R. Sykes
Lars E. Lundberg
sykes@mwsslawyers.com
lundberg@mwsslawyers.com
*Attorney for Plaintiff*

*/s/ Debora K. Kristensen*
Debora K. Kristensen

EXHIBIT A

# EXHIBIT A

## Case Information

CV01-18-07030 | Vincent Gewalt Plaintiff, vs. Idaho Statesman Publishing, LLC Defendant.

| Case Number | Court | Judicial Officer |
|---|---|---|
| CV01-18-07030 | Ada County District Court | Greenwood, Richard D. |
| File Date | Case Type | Case Status |
| 04/16/2018 | AA- All Initial District Court Filings (Not E, F, and H1) | Active - Pending |

## Party

Plaintiff
Gewalt, Vincent D.

Active Attorneys ▾

Lead Attorney
Sykes, Jeffrey Robert
Retained

Attorney
Lundberg, Lars Eric
Retained

Defendant
Idaho Statesman Publishing, LLC

## Events and Hearings

04/16/2018 Initiating Document - District

04/16/2018 Family Case Law Information Sheet

04/16/2018 Complaint Filed

04/16/2018 Summons Issued

04/16/2018 Summons ▾

05/03/2018 Affidavit of Service

## Financial

Gewalt, Vincent D.

| | | | | | |
|---|---|---|---|---|---|
| | Total Financial Assessment | | | $221.00 | |
| | Total Payments and Credits | | | $221.00 | |
| 4/17/2018 | Transaction Assessment | | | $221.00 | |
| 4/17/2018 | EFile Payment | Receipt # 44591-2018-R01 | Gewalt, Vincent D. | ($221.00) | |

**EXHIBIT B**

**EXHIBIT B**

Electronically Filed
4/16/2018 9:35 AM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Katee Hysell, Deputy Clerk

Jeff R. Sykes, ISB #.5058
Lars E. Lundberg, ISB # 9993
McCONNELL WAGNER SYKES & STACEY PLLC
827 East Park Boulevard, Suite 201
Boise, Idaho 83712
Telephone:  208.489.0100
Facsimile:  208.489.0110
sykes@mwsslawyers.com
lundberg@mwsslawyers.com

Attorneys For Plaintiff Vincent D. Gewalt

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| **VINCENT D. GEWALT,**<br>an individual;<br><br>Plaintiff,<br><br>vs.<br><br>**IDAHO STATESMAN**<br>**PUBLISHING, LLC,**<br>a Delaware limited liability company<br><br>Defendant. | **Case No.** CV01-18-07030<br><br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL**<br><br><br>Fee Category:    A.A.<br>Fee:    $221.00 |

**COMES NOW,** Plaintiff Vincent D. Gewalt, by and through his counsel of record, McConnell Wagner Sykes & Stacey PLLC, and for a cause of action against Defendant Idaho Statesman Publishing, LLC alleges as follows:

## PARTIES

1.      At all times material hereto, Plaintiff Vincent D. Gewalt ("Plaintiff"), was and is an individual residing and domiciled in the County of Ada, State of Idaho.

2.      Plaintiff is informed and believes, and on that basis alleges, that at all times material hereto Defendant Idaho Statesman Publishing, LLC ("ISP") was and is a limited liability company organized and existing pursuant to the laws of the State of Delaware, and authorized to do business and doing business in the State of Idaho.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in the Fourth District because this Court has subject matter jurisdiction over this action pursuant to Idaho Code § 1-705, and personal jurisdiction over ISP pursuant to Idaho Code § 5-514.  Moreover, 29 U.S.C. § 2617(a)(2) permits Plaintiff to file a Family Medical Leave Act ("FMLA") claim in state court.

4.      Venue is appropriate in this Court pursuant to Idaho Code § 5-404.

5.      The amount in controversy in this lawsuit, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

## GENERAL ALLEGATIONS

6.      Plaintiff was employed as a *Sales and Marketing Executive* by ISP from approximately November 2, 2010 to April 30, 2017.

7.      On or around Wednesday morning, April 19, 2017, Plaintiff informed his supervisor, Logan Osterman, that he needed to leave work due to severe stomach pains. That afternoon, Plaintiff was admitted to the emergency room at St. Luke's Medical Center

in Meridian, Idaho.  Following an ultrasound, it was discovered that Plaintiff's gall bladder would need to be removed.

8.      On or around April 19, 2017, both Mr. Osterman and Ms. Ann Gomm, an ISP human resource employee, were informed that Plaintiff was experiencing a serious health condition that required surgery.

9.      On or around Thursday, April 20, 2017, Plaintiff underwent surgery.  ISP was informed of the surgery.  After spending one night at the hospital, Plaintiff was released to recuperate at home.

10.     Despite receiving notice that Plaintiff had suffered a serious health condition, ISP did not provide Plaintiff with the required FMLA notices, which would have informed Plaintiff that he was entitled to FMLA leave to recover from surgery.

11.     Notwithstanding his continued surgery-related pain, Plaintiff attended work on Monday, April 24, 2017, unaware that he was entitled to FMLA leave to recover from surgery. Instead of informing Plaintiff of his entitlement to FMLA leave or providing the requisite FMLA notices, Mr. Osterman berated Plaintiff for his lower-than-expected advertisement sales numbers, was incensed that Plaintiff had to leave early due to surgery-related pain, and wanted Plaintiff to continue working in an attempt to meet his advertisement sales goal.

12.     Still experiencing surgery-related pain, but without notice of his entitlement to FMLA leave to recover from surgery, Plaintiff attended work on Tuesday, April 25, 2017. Upon arriving at work, Plaintiff was aggressively questioned by Mr. Osterman about working harder to meet the sales goal.  Plaintiff worked until approximately 3:00 p.m., but had to leave due to severe surgery-related pain.

13.     Plaintiff attended work on Wednesday, April 26, 2017, still without notice of his entitlement to FMLA leave to recovery from surgery.  However, around 1:00 p.m., Plaintiff left work because he was bleeding from the surgery incision site.

14.     Plaintiff attended work again on Thursday morning, April 27, 2017. That afternoon, Plaintiff had another meeting with Mr. Osterman and Ms. Gomm concerning his sales performance.  At the end of the meeting, Plaintiff was told to go home.  Due to the stress of the meeting, Plaintiff experienced chest pains and was hospitalized at or around 3:00 p.m. that same day.  Mr. Osterman and Ms. Gomm were notified that Plaintiff had experienced another serious health condition, had been hospitalized, and would not be able to attend work on Friday. Plaintiff was not provided the required FMLA notices.

15.     On or around Sunday, April 30, 2017, Plaintiff, in violation of the FMLA, was informed that his employment was terminated.  ISP's reasons for terminating Plaintiff were pretext for his absences from work following his surgery.

16.     Throughout the entire chain of events, ISP failed to provide Plaintiff the requisite FMLA notices.  Plaintiff was harmed by ISP's failure to provide the required FMLA notices.

## COUNT ONE
### *Violation Of The FMLA*

17.     Plaintiff repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 16, inclusive, as if said paragraphs were set forth herein in full.

18.     ISP is an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4)(a).

19.     Upon information and belief, ISP employs at least fifty (50) employees at or within seventy-five (75) miles of the worksite at which Plaintiff worked.

20.     Plaintiff is an employee within the meaning of the FMLA, 29 U.S.C. § 2611(2)(a), because he worked for ISP at least twelve (12) months and at least 1,250 hours during the previous 12-month period.

21.     By failing to provide the required FMLA notices to Plaintiff, ISP violated, *inter alia*, the FMLA, 29 U.S.C. § 2615.

22.     As a direct and proximate result of ISP's unlawful conduct, Plaintiff has suffered damages in an amount to be proved at trial.

23.     Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to an award of interest and liquidated damages.

## ATTORNEYS' FEES AND COSTS

Plaintiff has been required to retain the services of an attorney to bring this suit and is entitled to recover his costs and reasonable attorneys' fees in the sum of not less than $5,000.00 if judgment is entered by default, and such other and further amounts as the Court may find reasonable if this matter is contested pursuant to, *inter alia*, 29 U.S.C. § 2617 and Rule 54(e) of the Idaho Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a 12-person jury trial pursuant to Rule 38 of the Idaho Rules of Civil Procedure for all issues so triable.

/ / / /

/ / / /

/ / / /

/ / / /

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against ISP as follows:

A.      For monetary damages in an amount to be proved at trial;

B.      For attorneys' fees and costs; and

C.      For such other and further relief as the Court deems just and proper.


**DATED** this 16th day of April 2018.


McCONNELL WAGNER SYKES & STACEY [PLLC]


            /s/  *Lars E. Lundberg*

By:     Lars E. Lundberg, Attorneys For Plaintiff
        Vincent D. Gewalt

EXHIBIT C

# EXHIBIT C

Electronically Filed
4/16/2018 9:35 AM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Katee Hysell, Deputy Clerk

Jeff R. Sykes, ISB #.5058
Lars E. Lundberg, ISB # 9993
McCONNELL WAGNER SYKES & STACEY PLLC
827 East Park Boulevard, Suite 201
Boise, Idaho 83712
Telephone:  208.489.0100
Facsimile:  208.489.0110
sykes@mwsslawyers.com
lundberg@mwsslawyers.com

Attorneys For Plaintiff Vincent D. Gewalt                    Greenwood, Richard D.

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| **VINCENT D. GEWALT,**<br>an individual; | **Case No.**  CV01-18-07030 |
| Plaintiff, | |
| vs. | **SUMMONS** |
| **IDAHO STATESMAN<br>PUBLISHING, LLC,**<br>a Delaware limited liability company | |
| Defendant. | |

**NOTICE:**  **YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S).
THIS COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT
FURTHER NOTICE UNLESS YOU RESPOND WITHIN TWENTY-ONE
(21) DAYS.  READ THE INFORMATION BELOW.**

**TO:**  **IDAHO STATESMAN PUBLISHING, LLC
c/o C T Corporation System, Registered Agent
921 South Orchard Street, Suite G
Boise, Idaho 83705**

SUMMONS | 1
I:\10725.002\PLD\Summons 180416.docx

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above-designated Court at **200 West Front Street, Boise, Idaho 83702-7300, 208.287.6900,** within twenty-one (21) days after service of this Summons upon you. If you fail to so respond, this Court may enter judgment against you as demanded by Plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 2 and other Idaho Rules of Civil Procedure, and shall also include:

1.    The title and number of this case.

2.    If your response is an answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.    Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.    Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court.

**DATED:**    4/16/2018 9:35 AM

**CHRISTOPHER D. RICH**
**CLERK OF THE DISTRICT COURT**

By:    _K Hycell_____
Deputy Clerk

**SUMMONS | 2**
I:\10725.002\PLD\Summons 180416.docx

EXHIBIT D

# EXHIBIT D


.CT Corporation

**Service of Process Transmittal**
04/19/2018
CT Log Number 533193616

TO: Juan Cornejo, Assistant General Counsel
The McClatchy Company
2100 Q St
Sacramento, CA 95816-6816

RE: **Process Served in Idaho**

FOR: Idaho Statesman Publishing, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vincent D. Gewalt, etc., Pltf. vs. Idaho Statesman Publishing, LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Ada County, Fourth Judicial District, ID<br>Case # CV011807030 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 04/30/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boise, ID |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/19/2018 at 08:25 |
| **JURISDICTION SERVED :** | Idaho |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jeff R. Sykes<br>McConnell Wagner Sykes & Stacey PLLC<br>827 East Park Boulevard<br>Suite 201<br>Boise, ID 83712<br>208-489-0100 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780108137430 |
| | Image SOP |
| | Email Notification,  Juan Cornejo  jcornejo@mcclatchy.com |
| | Email Notification,  Julie Pendley  jpendley@mcclatchy.com |
| | Email Notification,  Jenn Ross  jross@mcclatchy.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 921 S. Orchard Street<br>Suite G<br>Boise, ID 83705 |
| **TELEPHONE:** | 954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT E

# EXHIBIT E

**Table C-5.**
**U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases**
**Terminated, by District and Method of Disposition,**
**During the 12-Month Period Ending December 31, 2014**

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **TOTAL** | **198,998** | **8.5** | **41,328** | **5.1** | **128,688** | **8.5** | **26,410** | **12.8** | **2,572** | **25.3** |
| **DC** | **1,792** | **7.6** | **824** | **5.4** | **933** | **8.9** | **11** | **34.6** | **24** | **53.6** |
| **1ST** | **6,246** | **12.4** | **1,324** | **5.1** | **3,436** | **13.8** | **1,404** | **14.5** | **82** | **25.4** |
| ME | 456 | 8.0 | 138 | 5.7 | 297 | 8.7 | 11 | 18.8 | 10 | 25.5 |
| MA | 2,559 | 9.2 | 636 | 3.0 | 768 | 7.9 | 1,109 | 14.3 | 46 | 25.3 |
| NH | 481 | 8.4 | 85 | 3.7 | 235 | 7.3 | 154 | 14.2 | 7 | - |
| RI | 1,867 | 23.3 | 304 | 16.1 | 1,520 | 26.8 | 38 | 15.0 | 5 | - |
| PR | 883 | 13.4 | 161 | 6.6 | 616 | 14.1 | 92 | 19.2 | 14 | 29.8 |
| **2ND** | **20,261** | **9.3** | **3,285** | **4.6** | **11,986** | **9.2** | **4,710** | **12.4** | **280** | **33.6** |
| CT | 1,726 | 9.8 | 552 | 5.2 | 672 | 9.4 | 463 | 18.4 | 39 | 39.4 |
| NY,N | 1,263 | 10.8 | 208 | 3.2 | 678 | 12.1 | 355 | 14.2 | 22 | 33.8 |
| NY,E | 6,163 | 8.8 | 1,409 | 5.6 | 3,256 | 8.4 | 1,409 | 11.7 | 89 | 35.0 |
| NY,S | 9,468 | 9.0 | 883 | 3.6 | 6,055 | 8.4 | 2,413 | 11.7 | 117 | 29.1 |
| NY,W | 1,415 | 11.1 | 219 | 4.0 | 1,120 | 12.4 | 66 | 17.2 | 10 | 42.4 |
| VT | 226 | 10.4 | 14 | 4.2 | 205 | 10.6 | 4 | - | 3 | - |
| **3RD** | **21,787** | **6.8** | **2,574** | **4.1** | **14,557** | **5.4** | **4,417** | **13.5** | **239** | **28.1** |
| DE | 1,879 | 10.9 | 538 | 6.9 | 1,104 | 11.9 | 196 | 15.2 | 41 | 34.2 |
| NJ | 6,962 | 7.6 | 454 | 3.7 | 3,665 | 4.6 | 2,792 | 16.3 | 51 | 36.4 |
| PA,E | 9,057 | 4.7 | 791 | 3.3 | 6,885 | 3.7 | 1,285 | 9.2 | 96 | 19.2 |
| PA,M | 1,744 | 10.0 | 377 | 5.8 | 1,271 | 10.9 | 72 | 17.0 | 24 | 27.7 |
| PA,W | 1,923 | 7.2 | 278 | 3.0 | 1,616 | 8.0 | 14 | 22.6 | 15 | 28.0 |
| VI | 222 | 13.5 | 136 | 13.1 | 16 | 11.4 | 58 | 12.7 | 12 | 38.2 |
| **4TH** | **14,287** | **6.9** | **2,326** | **6.4** | **10,561** | **6.2** | **1,261** | **10.4** | **139** | **18.6** |
| MD | 3,047 | 7.4 | 510 | 7.3 | 1,884 | 5.5 | 626 | 12.5 | 27 | 19.1 |
| NC,E | 1,091 | 9.5 | 371 | 8.7 | 707 | 10.1 | 5 | - | 8 | - |
| NC,M | 733 | 12.7 | 426 | 9.0 | 270 | 18.8 | 33 | 21.6 | 4 | - |
| NC,W | 895 | 8.8 | 197 | 6.7 | 620 | 8.7 | 65 | 15.1 | 13 | 25.1 |
| SC | 2,362 | 9.5 | 202 | 2.8 | 2,095 | 10.3 | 41 | 9.8 | 24 | 27.8 |
| VA,E | 2,083 | 5.5 | 396 | 4.3 | 1,227 | 4.4 | 419 | 7.6 | 41 | 11.9 |
| VA,W | 630 | 9.9 | 146 | 5.8 | 429 | 11.2 | 45 | 10.3 | 10 | 17.9 |
| WV,N | 492 | 10.9 | 60 | 8.3 | 421 | 11.0 | 6 | - | 5 | - |
| WV,S | 2,954 | 0.7 | 18 | 2.4 | 2,908 | 0.7 | 21 | 17.2 | 7 | - |

## Table C-5. (December 31, 2014)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
|---|---|---|---|---|---|---|---|---|---|---|
| **5TH** | **19,081** | **8.3** | **5,244** | **5.8** | **11,389** | **8.3** | **2,124** | **12.2** | **324** | **23.0** |
| LA,E | 2,351 | 9.7 | 90 | 2.8 | 1,206 | 7.1 | 1,002 | 12.6 | 53 | 17.8 |
| LA,M | 632 | 12.7 | 59 | 8.6 | 505 | 11.5 | 48 | 23.9 | 20 | 33.1 |
| LA,W | 1,043 | 12.2 | 344 | 7.9 | 598 | 12.9 | 85 | 22.1 | 16 | 30.2 |
| MS,N | 552 | 9.8 | 144 | 7.5 | 248 | 10.0 | 144 | 12.1 | 16 | 22.2 |
| MS,S | 1,278 | 11.1 | 705 | 10.2 | 507 | 11.6 | 37 | 19.2 | 29 | 22.6 |
| TX,N | 3,294 | 6.9 | 647 | 5.2 | 2,601 | 7.4 | 4 | - | 42 | 25.9 |
| TX,E | 3,126 | 8.3 | 961 | 5.8 | 2,105 | 9.5 | 22 | 21.0 | 38 | 25.9 |
| TX,S | 4,518 | 6.9 | 1,626 | 4.4 | 2,129 | 7.9 | 682 | 8.7 | 81 | 22.2 |
| TX,W | 2,287 | 6.7 | 668 | 6.0 | 1,490 | 6.3 | 100 | 15.9 | 29 | 22.9 |
| **6TH** | **16,600** | **10.4** | **5,332** | **6.7** | **7,630** | **11.0** | **3,432** | **12.5** | **206** | **27.0** |
| KY,E | 1,059 | 9.1 | 120 | 6.1 | 920 | 9.3 | 14 | 18.4 | 5 | - |
| KY,W | 1,033 | 8.7 | 183 | 4.8 | 807 | 9.0 | 33 | 16.5 | 10 | 23.1 |
| MI,E | 3,913 | 8.8 | 932 | 3.5 | 1,297 | 6.2 | 1,641 | 13.3 | 43 | 25.9 |
| MI,W | 970 | 8.3 | 153 | 3.2 | 615 | 8.4 | 195 | 12.1 | 7 | - |
| OH,N | 3,846 | 12.8 | 1,581 | 11.9 | 1,415 | 17.7 | 824 | 9.7 | 26 | 19.2 |
| OH,S | 2,262 | 9.4 | 1,061 | 5.7 | 545 | 11.4 | 628 | 12.4 | 28 | 15.4 |
| TN,E | 1,276 | 12.8 | 476 | 10.2 | 679 | 13.0 | 79 | 18.5 | 42 | 55.5 |
| TN,M | 1,338 | 13.5 | 219 | 12.1 | 1,090 | 13.5 | 2 | - | 27 | 25.7 |
| TN,W | 903 | 10.9 | 607 | 10.5 | 262 | 10.2 | 16 | 23.2 | 18 | 31.0 |
| **7TH** | **21,451** | **13.5** | **3,985** | **4.9** | **15,225** | **17.9** | **2,059** | **12.1** | **182** | **27.6** |
| IL,N | 7,962 | 7.0 | 2,206 | 4.6 | 5,184 | 7.6 | 473 | 10.4 | 99 | 33.7 |
| IL,C | 683 | 10.5 | 303 | 7.8 | 368 | 12.5 | 4 | - | 8 | - |
| IL,S | 7,271 | 40.5 | 544 | 15.9 | 6,711 | 41.3 | 7 | - | 9 | - |
| IN,N | 1,749 | 9.8 | 269 | 3.3 | 963 | 8.7 | 497 | 16.1 | 20 | 26.1 |
| IN,S | 1,966 | 9.1 | 256 | 4.3 | 869 | 6.4 | 821 | 11.4 | 20 | 27.1 |
| WI,E | 1,113 | 6.0 | 230 | 3.0 | 847 | 7.1 | 24 | 11.6 | 12 | 27.3 |
| WI,W | 707 | 8.1 | 177 | 3.2 | 283 | 7.1 | 233 | 11.0 | 14 | 18.5 |
| **8TH** | **11,096** | **10.7** | **3,792** | **6.0** | **6,068** | **12.2** | **1,057** | **13.4** | **179** | **24.8** |
| AR,E | 1,305 | 13.1 | 361 | 25.5 | 908 | 12.2 | 6 | - | 30 | 18.4 |
| AR,W | 895 | 12.6 | 164 | 13.1 | 712 | 12.4 | 2 | - | 17 | 21.0 |
| IA,N | 415 | 8.2 | 81 | 7.1 | 327 | 8.2 | 2 | - | 5 | - |
| IA,S | 461 | 9.9 | 88 | 4.3 | 204 | 8.1 | 161 | 14.8 | 8 | - |
| MN | 3,267 | 10.0 | 1,018 | 2.1 | 1,464 | 20.6 | 753 | 12.8 | 32 | 23.7 |
| MO,E | 1,904 | 8.6 | 833 | 6.0 | 1,039 | 10.1 | 0 | - | 32 | 24.3 |
| MO,W | 1,918 | 10.2 | 1,123 | 8.1 | 671 | 12.6 | 110 | 13.3 | 14 | 35.3 |
| NE | 476 | 9.7 | 52 | 3.8 | 386 | 9.7 | 15 | 20.9 | 23 | 29.7 |
| ND | 245 | 11.8 | 6 | - | 231 | 11.7 | 3 | - | 5 | - |
| SD | 210 | 14.9 | 66 | 8.1 | 126 | 15.6 | 5 | - | 13 | 30.0 |

## Table C-5. (December 31, 2014—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **9TH** | **32,917** | **7.3** | **8,385** | **4.4** | **20,850** | **7.4** | **3,177** | **13.5** | **505** | **23.5** |
| AK | 242 | 8.1 | 51 | 7.7 | 185 | 8.1 | 1 | - | 5 | - |
| AZ | 2,312 | 7.8 | 147 | 2.6 | 1,629 | 6.2 | 502 | 14.0 | 34 | 27.5 |
| CA,N | 4,555 | 7.9 | 890 | 4.3 | 2,244 | 6.6 | 1,353 | 13.1 | 68 | 31.0 |
| CA,E | 2,696 | 7.9 | 935 | 5.1 | 1,663 | 9.3 | 68 | 16.8 | 30 | 33.9 |
| CA,C | 11,800 | 5.5 | 3,911 | 4.4 | 7,523 | 5.8 | 192 | 14.2 | 174 | 19.3 |
| CA,S | 2,171 | 6.7 | 339 | 3.0 | 1,105 | 5.3 | 699 | 13.0 | 28 | 33.6 |
| HI | 648 | 7.1 | 341 | 4.6 | 263 | 8.4 | 32 | 20.7 | 12 | 18.0 |
| ID | 336 | 12.0 | 17 | 2.4 | 239 | 11.1 | 70 | 15.7 | 10 | 23.4 |
| MT | 412 | 9.9 | 126 | 5.9 | 140 | 8.1 | 131 | 13.6 | 15 | 24.5 |
| NV | 2,154 | 9.4 | 202 | 4.4 | 1,835 | 10.2 | 99 | 8.1 | 18 | 32.2 |
| OR | 1,991 | 11.1 | 541 | 7.7 | 1,393 | 12.0 | 9 | - | 48 | 20.8 |
| WA,E | 736 | 11.0 | 239 | 6.1 | 476 | 12.4 | 7 | - | 14 | 32.3 |
| WA,W | 2,820 | 7.4 | 622 | 2.5 | 2,141 | 8.1 | 10 | 16.7 | 47 | 18.8 |
| GUAM | 24 | 24.1 | 9 | - | 10 | 23.5 | 4 | - | 1 | - |
| NMI | 20 | 13.2 | 15 | 10.6 | 4 | - | 0 | - | 1 | - |
| **10TH** | **8,491** | **9.0** | **1,899** | **4.1** | **5,284** | **9.6** | **1,163** | **13.1** | **145** | **26.1** |
| CO | 2,742 | 6.3 | 854 | 4.1 | 1,778 | 7.5 | 61 | 18.3 | 49 | 29.9 |
| KS | 1,221 | 9.5 | 323 | 5.5 | 785 | 9.9 | 87 | 20.2 | 26 | 23.5 |
| NM | 1,025 | 10.9 | 64 | 1.9 | 448 | 8.8 | 497 | 13.0 | 16 | 27.4 |
| OK,N | 623 | 10.0 | 69 | 3.2 | 540 | 10.8 | 11 | 18.2 | 3 | - |
| OK,E | 428 | 12.9 | 26 | 2.5 | 394 | 13.8 | 3 | - | 5 | - |
| OK,W | 1,077 | 8.2 | 282 | 4.0 | 432 | 8.1 | 343 | 10.2 | 20 | 16.0 |
| UT | 1,149 | 11.3 | 215 | 5.3 | 852 | 12.4 | 66 | 23.3 | 16 | 35.4 |
| WY | 226 | 11.4 | 66 | 4.1 | 55 | 11.3 | 95 | 13.0 | 10 | 22.9 |
| **11TH** | **24,989** | **7.1** | **2,358** | **4.5** | **20,769** | **6.9** | **1,595** | **12.8** | **267** | **21.4** |
| AL,N | 3,182 | 17.6 | 44 | 1.7 | 3,091 | 17.6 | 25 | 25.5 | 22 | 22.9 |
| AL,M | 662 | 9.9 | 70 | 4.9 | 555 | 9.9 | 27 | 18.5 | 10 | 22.5 |
| AL,S | 454 | 8.1 | 80 | 3.9 | 358 | 8.2 | 12 | 16.6 | 4 | - |
| FL,N | 1,118 | 7.4 | 40 | 4.0 | 1,043 | 7.3 | 15 | 11.6 | 20 | 14.3 |
| FL,M | 6,631 | 7.6 | 574 | 6.9 | 5,835 | 7.4 | 142 | 15.4 | 80 | 23.5 |
| FL,S | 7,424 | 4.7 | 851 | 3.9 | 6,410 | 4.8 | 84 | 9.0 | 79 | 14.9 |
| GA,N | 3,996 | 6.6 | 322 | 2.6 | 2,363 | 4.4 | 1,276 | 12.2 | 35 | 30.2 |
| GA,M | 932 | 12.4 | 200 | 8.7 | 712 | 12.5 | 7 | - | 13 | 28.3 |
| GA,S | 590 | 9.6 | 177 | 8.7 | 402 | 9.9 | 7 | - | 4 | - |

NOTE: Median time intervals are not computed when fewer than 10 cases reported. This table excludes land condemnations, prisoner petitions, deportation reviews, recovery of overpayments, and enforcement of judgments. Includes cases filed in previous years as consolidated cases that thereafter were severed into individual cases. For fiscal years prior to 2001, this table included data on recovery of overpayments and enforcement of judgments.